IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211-LSC-FG3 |
| | ) | |
| vs. | ) | ORDER TO |
| | ) | CONSOLIDATE CASES |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212-LSC-FG3 |
| | ) | |
| vs. | ) | ORDER TO |
| | ) | CONSOLIDATE CASES |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased, | ) ) ) ) | |
| Plaintiff, | ) | 8:10-cv-03191-LSC-FG3 |
| | ) | |
| vs. | ) | ORDER TO |
| | ) | CONSOLIDATE CASES |
| IGOR KOZLOV, ALBATROSS EXPRESS, LLC and UNICK, LLC, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the "Motion to Consolidate and [alternative] Motion to Dismiss" (#25) filed by Associated Wholesale Grocers and Pamela Scott in Case No. 4:10-cv-3211. The court did not receive any response in opposition to the motion.

These related cases arise from a motor vehicle accident between a tractor trailer driven by Michael Scott, deceased, and a tractor trailer driven by Igor Kozlov. Andrei Tchikobava was a

passenger in the Kozlov's tractor trailer. Scott's tractor trailer was owned by Associated Wholesale Grocers. Kozlov's tractor trailer was owned by Albatross Express and Unick, LLC.

Upon review of the pleadings filed in the three related cases, the court finds that the cases should be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a).

**IT IS ORDERED** that the Motion to Consolidate Cases (Doc. 25 in Case No. 4:10-CV-03211) is granted, as follows:

1. Cases Nos. 4:10-cv-03211, 4:10-cv-03212 and 8:10-cv-03191 are hereby consolidated for discovery, trial, and all other purposes. The cases will be tried to a jury in Omaha, Nebraska.

2. **Case No. 8:10-cv-03211 is hereby designated as the "Lead Case."** Cases Nos. 4:10-cv-03212 and 8:10-cv-03191 are hereby designated as the "Member Cases."

3. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except those described in paragraph 4) in the Lead Case, No. 8:10-cv-03211, and to select the option "yes" in response to the System's question whether to spread the text.

4. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

5. If a party believes that an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item separately in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

**DATED March 2, 2011.**

BY THE COURT:

s/ F.A. Gossett, III
**United States Magistrate Judge**