# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal | ) | |
| Representative of the Estate of Michael | ) | |
| E. Scott, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| IGOR KOZLOV, ALBATROSS | ) | |
| EXPRESS, LLC and UNICK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

These consolidated civil cases arise out of a motor-vehicle accident that occurred on August 9, 2010, in Seward County, Nebraska. There are multiple motions pending in this action, including a motion to stay. For the reasons set forth below, the court concludes that

this matter should be stayed for a period of time. Consequently, all remaining motions will be denied without prejudice to reassertion following the expiration of the stay.

## BACKGROUND

On April 15, 2011, Defendants Igor Kozlov, Albatross Express, LLC and UNICK, LLC ("Defendants") filed a motion to stay these proceedings. The motion requested that this matter be stayed until a criminal proceeding against Defendant Kozlov arising from the motor-vehicle accident at issue in this litigation was resolved. However, at the time that Defendants filed their motion, criminal charges had not, in fact, been filed against Kozlov. As a result, in a May 20, 2011 order, the court denied Defendants' motion to stay as premature.

In the May 20, 2011 order, the court also addressed motions to quash filed by the Seward County Attorney's Office ("County Attorney's Office") and the Nebraska State Patrol ("State Patrol"). The court noted that there had been a representation that the materials sought through the subpoenas would soon be produced. Given this possible exchange of information, the court directed the State Patrol and County Attorney's Office to submit status reports advising the court as to whether the requested materials would be voluntarily produced. Through status reports filed on June 3, 2011, the State Patrol and County Attorney's Office informed the court that criminal charges would soon be filed against Kozlov and, if he waived his right to a preliminary hearing, the documents would be voluntarily produced. In response to this information, the court ordered that the motions to quash be held in abeyance until further court order and, in addition, directed the State Patrol and County Attorney's Office to submit supplemental status reports by August 1, 2011.

In compliance with this court's order, the State Patrol and County Attorney's Office filed status reports advising the court that criminal charges were filed against Kozlov on July 29, 2011. They further advised that the materials requested in the subpoenas would be produced after Kozlov waives his right to a preliminary hearing or, alternatively, after a discovery order is entered by the Seward County District Court.

On August 1, 2011, Defendants Kozlov, Albatross Express, LLC and UNICK, LLC filed a motion to stay and compel. Through the motion, Defendants again request that this matter be stayed during the pendency of the criminal prosecution. Defendants also request that the court compel the State Patrol and County Attorney's Office to produce information regarding the investigation into the accident at issue. On August 1, 2011, the parties to this litigation also filed a stipulated motion to amend the scheduling order.

## ANALYSIS

A district court has discretionary authority to stay proceedings pending on its docket when the interests of justice require such action. *Wakehouse v. Goodyear Tire & Rubber Co.*, No. 8:05CV422, 2006 WL 47426 ( D. Neb. Jan. 9, 2006). "Depending on the particular facts of the case, the court may decide to stay civil proceedings, postpone civil discovery, or impose protective orders." *Volmar Distribs., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

In evaluating whether a stay is appropriate, courts consider (1) the plaintiffs' interest in proceeding expeditiously with litigation and the potential prejudice to the plaintiffs of a delay; (2) the burden that the proceeding will cause the defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation and (5) the public's interests in the pending civil and criminal litigation. *Fidelity Funding of California v. Reinhold*, 190 F.R.D. 45, 48 (E.D.N.Y. 1997). "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." *Volmar Distribs., Inc.*, 152 F.R.D. at 39.

The Constitution does not ordinarily require a stay of civil proceedings during the pendency of a criminal case. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). However, "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc.*, 152 F.R.D. at 39. Under such circumstances, "denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination." *Id.*

The criminal charges against Kozlov and the allegations in these civil proceedings each relate to the motor-vehicle accident that occurred on August 9, 2010. Therefore, absent a stay, it is possible that Kozlov may face a conflict between asserting his Fifth Amendment rights and damaging his civil defense. Moreover, parallel civil and criminal proceedings would likely result in numerous extensions of discovery and other deadlines in this case. The court concludes judicial economy would best be served by staying this litigation.

The court recognizes that it is ruling on Defendants' motion to stay without first allowing the other parties to respond to the motion. However, at the time Defendants submitted their initial motion to stay, the court considered arguments in opposition which, in all likelihood, are similar, if not identical, to any response that may be filed to this motion. Therefore, a response from the other parties is not necessary for the court to resolve the pending motion to stay.

Accordingly,

**IT IS ORDERED:**

1.  Defendants Igor Kozlov, Albatross Express, LLC and UNICK, LLC's Motion to Stay and Motion to Compel (Case No. 4:10CV3211, filing 67; Case No. 4:10CV3212, filing 68; Case No. 8:10CV3191, filing 60) is granted in part, and denied, in part. This matter is stayed until further court order. Defendants' request that the Nebraska State Patrol and Seward County Attorney's Office be compelled to produce information concerning the investigation of the accident at issue is denied without prejudice to reassertion following the expiration of the stay.

2.  The motions to quash filed by the Seward County Attorney's Office and Nebraska State Patrol (Case No. 4:10-cv-03211, filings 35 & 37; Case No. 4:10-cv-03212, filings 31 & 33; Case No. 8:10-cv-03191, filings 29 & 31) are denied without prejudice to reassertion following the expiration of the stay.

3. The Second Stipulated Motion to Amend Scheduling Order (Case No. 4:10CV3211, filing 69; Case No. 4:10CV3212, filing 71; Case No. 8:10CV3191, filing 62) is denied without prejudice to reassertion following the expiration of the stay.

4. Defendant Albatross Express, LLC's Motion for a More Definite Statement (Case No. 4:10CV3212, filing 65) is denied without prejudice to reassertion following the expiration of the stay.

5. The parties shall jointly provide the court with a report detailing the status of the criminal proceeding every sixty (60) days until further order of the court.

**DATED August 2, 2011.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**