IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased, | ) ) ) ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| IGOR KOZLOV, ALBATROSS EXPRESS, LLC and UNICK, LLC, | ) ) ) | |
| Defendants. | ) | |

Defendants Igor Kozlov ("Kozlov"), Albatross Express, LLC ("Albatross"), and UNICK, LLC ("UNICK") (collectively "Defendants") have filed a motion requesting a protective order liming the scope and nature of discovery sought through the Amended

Notice of Deposition ("Notice") served upon Albatross by Pamela Scott ("Scott"). (Case No. 4:10-cv-03211, filing 178; Case No. 4:10-cv-03212, filing 181; Case No. 8:10-cv-03191, filing 193.) Defendants claim that the subject matters addressed in the Notice are (1) overly broad, vague and ambiguous; (2) unduly burdensome and oppressive; and/or (3) irrelevant and not likely to lead to the discovery of admissible evidence. For the reasons explained below, Defendants' motion will be granted, in part.

## BACKGROUND

These consolidated civil cases arise out of a motor-vehicle accident between a tractor trailer driven by Michael Scott, deceased, and a tractor trailer driven by Kozlov. Andrei Tchikobava ("Tchikobava") was a passenger in the Kozlov tractor trailer. Michael Scott's tractor trailer was owned by Associated Wholesale Grocers. Kozlov's tractor trailer was owned by Albatross and UNICK.

On March 18, 2013, Scott filed the Notice commanding Albatross to produce a corporate representative to testify and produce certain information pursuant to Fed. R. Civ. P. 30(b)(6). The Notice seeks to obtain information via deposition testimony covering thirty-four subject matters. The Notice also demands that Albatross produce documents covering twenty-seven separate categories. The deposition is set to take place on April 22, 2013.

## DISCUSSION

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

2

1.  **Deposition Testimony**[1]

Deposition topics 1 through 4, as listed on the Notice, relate to business relationships between various parties to this case. In particular, Scott seeks information concerning the nature and terms of the relationships between (1) Albatross and Kozlov; (2) Albatross and Tchikobava; (3) Albatross and UNICK; and (4) Albatross and Defendant Roadtex. Albatross claims that these topics impose an undue burden because the potential questions are not limited in time. Further, Albatross argues that the testimony sought includes irrelevant information because the requests encompass relationships between parties that existed prior to and after the accident at issue.

Scott maintains that questions related to the historical relationship between the parties are directly related to Scott's claims. Scott points out that her Complaint alleges that Roadtex is vicariously liable for Albatross' and Kozlov's alleged negligence. The Complaint states that Roadtex knew, or should have known, that Albatross and/or Kozlov were likely to act negligently and that Roadtex should not have hired them.

Considering the allegations in the Complaint, the Court finds that discovery related to the relationships between the parties is relevant, but only to a certain extent. Discovery in this case has revealed that Kozlov was hired shortly before the accident at issue. Defendants' answers to interrogatories further state that Kozlov was not involved in any accidents in the five years before the accident. For these reasons, the Court will limit the scope of testimony concerning prior dealings between the parties to five years prior to the accident. This time period will provide Scott with sufficient information to explore the hiring of Kozlov and other relevant concerns regarding her negligent hiring claim.

Albatross also seeks to limit questioning on topics 29, 30, 31, and 32. Generally, these topics seek to elicit testimony regarding Albatross' corporate structure, Albatross' principal business, the identities of Albatross' officers and directors, and whether Albatross contracts

---

[1] Defendants have not posed objections to questioning on topics 12, 13, 23, and 28, as set forth in the Notice. Therefore, these topics will not be addressed in this Order.

with third-parties. The Court finds that these topics, as listed on the Notice, are overly broad and marginally relevant. Therefore, questioning on topics 29, 30, and 31 will be limited to Albatross' business structure as it existed at the time of the accident. The requested testimony on topic 32 will also be restricted to information concerning Albatross' contracts with third-parties or companies as they existed at the time of the accident.

Albatross further objects to deposition topics 10 and 11, which seek testimony regarding all documents, files, or data maintained or removed by Albatross relating to the accident and Kozlov. The Court finds that these requests are ambiguous, as they do not sufficiently specify the documents or information sought. In any event, Albatross represents that it has already produced all such non-privileged information in its possession. Therefore, Defendants' motion for a protective order will be granted as to topics 10 and 11.

Defendants claim that topic 14, which seeks testimony regarding any post-accident testing of Kozlov, is overly broad because it is not limited to testing performed by Albatross. Albatross further maintains that it does not have knowledge or information concerning testing performed by any other entity and that it has already produced all information concerning testing following the accident. On account of this representation, as well as the breadth of the request, questioning on this topic will be limited to testing performed after the accident by or on behalf of Albatross.

Defendants further seek to limit questioning on topic 24, which requests testimony concerning the location of Albatross' accident register and information regarding how the register is maintained. Defendants ask that the request be limited to information concerning the accident register as it relates to the accident in this case. Scott maintains that the entirety of the testimony is necessary because it may show that Kozlov was involved in other accidents, which would be relevant to Scott's claims for negligent training, supervision, and retention. The Court finds that testimony on this subject matter may lead to relevant evidence, but, given the breadth of the request, as well as the representation that Kozlov was hired shortly before the accident and was not involved in any accidents in the five years prior to the accident, the Court will limit questioning to a period no earlier than three years before the accident.

Defendants additionally object to topic 25, which seeks testimony concerning actions taken by Albatross in response to the accident. Scott claims that, through this request, it seeks testimony on, among other things, Albatross' actions after the accident, including whether Albatross sent people to the scene, whether Albatross administered a drug or alcohol test to Kozlov, and whether Albatross took statements at the scene. The Court finds that topic 25 is sufficient to place Albatross on notice as to the matters for examination.

Defendants also seek to limit deposition topics 5, 6, 7, 8, 9, 15, 16, 17, 18, 19, 20, 21, 22, 26, 27, 33, and 34. Generally, these topics seek information concerning Albatross' hiring process, supervision of drivers, safety investigations, safety policies and procedures, document retention policies, and other safety compliance issues. The requests also seek testimony regarding Kozlov's education, qualifications, training, and safety compliance. Defendants object to these requests on several grounds. First, Defendants claims that these requests are too broad because they allow Scott to ask questions regarding Albatross' other employees. Defendants also complain that these requests allow Scott to ask questions regarding Kozlov's qualifications at any point during his career.

The Court believes that several of these topics, as listed on the Notice, lack the requisite specificity. Nevertheless, the Court finds that testimony regarding what Albatross knew about Kozlov's qualifications and abilities to operate a commercial vehicle on the date it hired Kozlov is relevant. Therefore, Scott will be permitted to elicit testimony regarding Albatross' hiring of Kozlov, Kozlov's qualifications to drive a commercial motor vehicle on the date Albatross hired him, Albatross' knowledge of those qualifications on the date it hired him, and Albatross' investigation into Kozlov's background before it hired him. Questions regarding the identities of individuals involved in training and supervising Kozlov while employed by Albatross, as well as materials and procedures used in training and/or supervising Kozlov during that time period are also permissible.

Likewise, the Court finds that questioning regarding Albatross' hiring, training, and supervision of other, non-specific employees, and Albatross' safety history and safety procedures may lead to the discovery of admissible evidence. For instance, testimony regarding Albatross' safety program, its safety manuals, hiring standards, accident prevention

procedures, and training programs may lead to evidence regarding whether Albatross negligently trained or supervised Kozlov. Again, however, given the breadth of the requests, testimony on these topics will be limited to a period no earlier than three years before the accident.

### 2. Document Production

Scott has requested that Albatross produce twenty-seven categories of documents. With respect to categories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 19, 20, 21, 23, and 24, Albatross represents that it has either already produced the responsive materials or that such materials do not exist. Given this, Albatross' motion for protective order will be granted with respect to these categories of documents.

Albatross objects to producing documents in response to Request 11, which seeks all driver accident reports related to this accident, as well as all prior accidents involving either Kozlov or the tractor trailer involved in this case. Defendants contend that information concerning prior accidents is irrelevant to the issues involved in this suit. The Court disagrees. As explained previously, Scott's Complaint includes allegations of negligent hiring, training, and supervision. Therefore, discovery relating to Kozlov's driving history, Albatross' knowledge of Kozlov's driving history, and the operational history of the tractor trailer is relevant. However, information concerning Kozslov's driving history will be limited to his time working for Albatross and/or in the five years preceding the accident. Moreover, for these reasons, the Court will also order Albatross to produce the documents currently in its possession responsive to Request 15, which seeks information concerning Kozlov's driving record, as well as Request 25 which asks for all records of discipline imposed on Kozlov while employed by Albatross. Again, however, the document production shall not extend to documents dated earlier than five years before the accident.

Albatross further objects to producing documents in response to Request 16, which seeks information concerning any background or criminal checks performed on Kozlov. Albatross claims that this Request does not describe the desired information with reasonable particularity. Albatross points out that the Request does not specify whether Scott seeks

documents concerning background checks performed by Albatross, third-parties, or any other entity that may have performed such checks. The Court finds that this Request seeks relevant information, is adequately specific, and that a response is warranted. In responding to this Request, Albatross shall produce any information in its possession related to background checks performed on Kozlov.

Request 17 seeks documents concerning Kozlov's driver safety rating maintained by the Federal Motor Carrier Safety Administration. Defendants claim that production should not be required because the materials are public records that Scott can obtain herself. Although these documents may be available to all, the Court finds that it should not be unduly burdensome for Albatross to produce the responsive documents currently in its possession.

Request 18 asks for correspondence between Albatross and Kozlov. Defendants maintain that this Request is improper because it does not describe the requested information with reasonable particularity. The Court agrees that this Request is insufficiently defined. In response to Defendants' request for a protective order, Scott explained that through this Request she is primarily seeking evidence related to Kozlov's job performance. Therefore, in response to this Request, the Court will order Albatross to produce all non-privileged documents currently in its possession reflecting or relating to communications with Kozlov regarding his job performance, including, but not limited to, job evaluations, safety procedures, and/or disciplinary measures. The document production will be limited to materials generated before the accident.

Request 22 seeks any records generated by communication devices utilized by Kozlov for the month prior to the accident, including cellular phone bills, emails, wireless device bills, and telephone bills. Defendants claim that this Request is vague and overly broad because it does not differentiate between Kozlov's personal communications and any such communications while working for Albatross. Albatross shall produce the requested information as to records pertaining to Kozlov's work communications.

Request 26 seeks all records reflecting traffic citations issued to Kozlov while

7

working for KLC Transportation, Inc.. If Albatross possesses copies of traffic citations issued to Kozlov while working for KLC, or documents related to the disposition of those citations, it shall produce them.

Request 27 seeks information concerning any and all documents or correspondence between Albatross and the Federal Motor Carrier Safety Administration involving the involuntary revocation of Albatross' operating authority. Defendants claim this information is irrelevant because the revocation of Albatross' operating authority occurred over a year after the accident giving rise to this lawsuit. Scott maintains that the information is relevant because the Administration may have revoked Albatross' operating authority due to Albatross' operating record before the accident. The Court agrees with Scott. Therefore, Albatross shall produce the requested information, limited to documents generated no earlier than three years before the accident.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Protective Order (Case No. 4:10-cv-03211, filing 178; Case No. 4:10-cv-03212, filing 181; Case No. 8:10-cv-03191, filing 193) is granted, in part, as set forth above.

**DATED April 16, 2013.**

                                         **BY THE COURT:**

                                         **S/ F.A. Gossett**
                                         **United States Magistrate Judge**