# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **IGOR KOZLOV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **4:10-cv-03211** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **ASSOCIATED WHOLESALE** | ) | |
| **GROCERS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| **ANDREI TCHIKOBAVA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **4:10-cv-03212** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ASSOCIATED WHOLESALE** | ) | |
| **GROCERS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| **PAMELA SCOTT, Personal** | ) | |
| **Representative of the Estate of Michael** | ) | |
| **E. Scott, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:10-cv-03191** |
| | ) | |
| vs. | ) | |
| | ) | |
| **IGOR KOZLOV, ALBATROSS** | ) | |
| **EXPRESS, LLC and UNICK, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on Igor Kozlov's ("Kozlov") Motion to Compel. (Case No. 4:10-cv-03211, filing 167); Case No. 4:10-cv-03212, filing 170; Case No. 8:10-cv-03191, filing 182.) For the reasons explained below, Kozlov's Motion will be granted.

## BACKGROUND

These consolidated civil cases arise out of a motor-vehicle accident between a tractor trailer driven by Michael Scott ("Mr. Scott"), deceased, and a tractor trailer driven by Kozlov. In his Complaint, Kozlov alleges that Mr. Scott acted negligently, thereby causing the accident which resulted in injuries to Kozlov.

Kozlov has moved the Court to compel Pamela Scott ("Mrs. Scott") to answer interrogatories and deposition questions related to her deceased husband's prior medical conditions. Specifically, Kozlov wants additional information about injuries Mr. Scott may have sustained in a motor vehicle accident that occurred in 1997. Kozlov maintains that discovery related to the injuries that Mr. Scott sustained in the 1997 accident is relevant to Kozlov's claims that Mr. Scott's negligence was the cause of the accident at issue in this litigation.

## DISCUSSION

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Discovery in this case has revealed that Mr. Scott may have sustained a head injury in a motor vehicle accident which occurred in 1997. Seemingly, as a result of the accident, Mr. Scott could not work for thirteen months. Kozlov claims that such a substantial length of convalescence indicates that Mr. Scott suffered a serious injury that might have had lasting effects - including an impact on his job performance. Kozlov argues that he should be permitted to explore evidence that may disclose some long-term effect on Mr. Scott's brain which could have contributed to the accident involved in this litigation.

Mrs. Scott claims that the requested information is irrelevant because it occurred over ten years before the accident at issue.  Mrs. Scott argues that Kozlov already has access to Mr. Scott's Department of Transportation medical certifications from 2006 through 2010, and that these certifications establish that Mr. Scott did not have any injuries that would have affected his driving in 2010.  Simply put, Mrs. Scott claims that because Mr. Scott was medically certified to drive a commercial vehicle in 2010, Kozlov's request for older records is not reasonably calculated to lead to the discovery of admissible evidence.  In opposition to Kovlov's Motion, Mrs. Scott further points out that she has already offered to produce ten years of Mr. Scott's medical records.  She contends that her agreement to produce Mr. Scott's medical records for the last ten years should satisfy Kozlov's need for discovery regarding Mr. Scott's previous medical history.

Having considered the matter, the Court finds that information related to the 1997 accident is relevant and could lead to the discovery of admissible evidence.  If Mr. Scott had previously sustained a head injury that kept him from driving for a substantial length of time, as Mrs. Scott testified, Kozlov should at least be permitted to make reasonable inquiry into the circumstances of that accident and the injuries suffered by Mr. Scott.

Accordingly,

**IT IS ORDERED** that  Igor Kozlov's Motion to Compel (Case No. 4:10-cv-03211, filing 167); Case No. 4:10-cv-03212, filing 170; Case No. 8:10-cv-03191, filing 182) is granted.  By or before May 3, 2013, Mrs. Scott shall answer Kozlov's discovery requests, which are identified as Exhibit 5 of Filing No. 169 (Case No. 4:10-cv-03211).  Mrs. Scott shall also make herself available in Omaha, Nebraska to provide deposition testimony regarding the 1997 accident involving Mr. Scott, including, but not limited to, the injuries Mr. Scott sustained in the accident.  The deposition shall be conducted promptly, at a time mutually convenient for the parties.  Kozlov's request for costs and attorney fees is denied.

**DATED April 19, 2013.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**

3