# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal | ) | |
| Representative of the Estate of Michael | ) | |
| E. Scott, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| IGOR KOZLOV, ALBATROSS | ) | |
| EXPRESS, LLC and UNICK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Pamela Scott's (Ms. Scott")[1] Motion to Quash or Modify Subpoenas. (Case No. 4:10CV3211, filing 195; Case No. 4:10CV3212, filing 199; Case No. 8:10CV3191, filing 214.) For the reasons set forth below, the motion will be granted.

### BACKGROUND

These consolidated civil cases arise out of a motor-vehicle accident which occurred between a tractor trailer driven by Michael Scott ("Scott"), deceased, and a tractor trailer driven by Igor Kozlov ("Kozlov"). Andrei Tchikobava ("Tchikobava") was a passenger in the tractor trailer driven by Kozlov. Scott's tractor trailer was owned by Associated Wholesale Grocers ("AWG") and Kozlov's tractor trailer was owned by Albatross and UNICK.

On April 19, 2013, the Court granted a motion to compel filed by Kozlov and ordered that Ms. Scott provide medical information regarding Mr. Scott. The Court's order states:

> Having considered the matter, the Court finds that information related to the 1997 accident is relevant and could lead to the discovery of admissible evidence. If Mr. Scott had previously sustained a head injury that kept him from driving for a substantial length of time, as Mrs. Scott testified, Kozlov should at least be permitted to make reasonable inquiry into the circumstances of that accident and the injuries suffered by Mr. Scott.

(Case No. 4:10CV3211, filing 183; Case No. 4:10CV3212, filing 186; Case No. 8:10CV3191, filing 200.)

On May 24, 2013, Kozlov filed a Notice of Intention to Serve Subpoena Dues Tecum on several of Scott's medical providers pursuant to Fed. R. Civ. P. 45. The subpoenas request that the providers produce the following:

---

[1] Pursuant to a stipulation between the parties, all claims made by Ms. Scott as Plaintiff in Case No. 8:10CV3191 were dismissed with prejudice. Defendants' counterclaim in that action remains pending for independent adjudication. (Case No. 8:10CV3191, filing 217.)

> True, correct, and complete copies of all medical records of any kind, including, but not limited to, medical reports, consultation reports, doctors' notes, nurses' notes, correspondence, and documentary material of any kind, including but not limited to drug or alcohol records and health information related to psychological or psychiatric conditions, including psychotherapy notes, relating in any way to: MICHAEL E. SCOTT.

(Case No. 4:10CV3211, filing 191; Case No. 4:10CV3212, filing 195; Case No. 8:10CV3191, filing 210.)

Ms. Scott filed the instant motion seeking to quash or modify the subpoenas on June 7, 2013. Ms. Scott argues that the request for production set forth in the subpoenas violates the physician-patient privilege, is overly broad, and is not reasonably calculated to lead to the discovery of admissible evidence. She further contends that the request for production exceeds the scope of an earlier discovery order. No party has responded to Ms. Scott's motion.

## DISCUSSION

Ms. Scott first argues that the requested materials are protected by the physician-patient privilege. This privilege permits a patient, or his or her personal representative, to "refuse to disclose and to prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of his or her physical, mental, or emotional condition." Neb. Rev. Stat. § 27-504. However, the privilege is considered waived as to "communications relevant to an issue of the physical, mental, or emotional condition of the patient . . . after the patient's death, in any proceeding in which any party relies upon the condition as an element of his or her claim or defense." Neb. Rev. Stat. § 27-504(4)(c).

At this time, it is unclear to the Court whether Mr. Scott's medical condition remains an issue in this case, particularly given the dismissal of Ms. Scott's complaint and the other parties' lack of responsiveness to Ms. Scott's present motion. Nevertheless, the Court agrees with Ms. Scott that the subpoenas as written are overly broad and burdensome. The subpoenas are not limited in time or to any specific medical condition and could encompass

an enormous amount of irrelevant materials.  Given this, the subpoenas, as written, will be quashed.  If Kozlov wishes to revise the subpoenas, he may do so.  The question of whether the physician-patient privilege precludes production of any materials requested by modified subpoenas will be considered, if necessary, upon appropriate motion.

Accordingly,

**IT IS ORDERED:**

1.     Defendant Pamela Scott's (Ms. Scott") Motion to Quash or Modify Subpoenas (Case No. 4:10CV3211, filing 195; Case No. 4:10CV3212, filing 199; Case No. 8:10CV3191, filing 214) is granted.

**DATED July 2, 2013.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**