IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IGOR KOZLOV,<br><br>            Plaintiff,<br><br>    vs.<br><br>ASSOCIATED WHOLESALE GROCERS, INC., A Kansas Corporation; PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased;  ROADTEX TRANSPORTATION CORP;  ROADTEX CORP - BAYONNE, NJ;  ROADTEX CORP - COLTS NECK, NJ;  ROADTEX LOGISTICS, LLC; and ROADTEX TRANSPORTATION MANAGEMENT CORP;<br><br>            Defendants. | MEMORANDUM<br>AND ORDER<br><br>CASE NO. 4:10CV3211 |
| ANDREI TCHIKOBAVA,<br><br>            Plaintiff,<br><br>    vs.<br><br>ASSOCIATED WHOLESALE GROCERS, INC., A Kansas Corporation; PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased;  ALBATROSS EXPRESS, LLC; ROADTEX TRANSPORTATION CORP;  ROADTEX CORP - BAYONNE, NJ;  ROADTEX CORP - COLTS NECK, NJ;  ROADTEX LOGISTICS, LLC;  and ROADTEX TRANSPORTATION MANAGEMENT CORP;<br><br>            Defendants. | CASE NO. 4:10CV3212 |
| PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased,<br><br>            Plaintiff,<br><br>IGOR KOZLOV; ALBATROSS EXPRESS, LLC; UNICK, LLC; ROADTEX TRANSPORTATION CORP;  ROADTEX CORP - BAYONNE, NJ;  ROADTEX CORP - COLTS NECK, NJ;  ROADTEX LOGISTICS, LLC;  and ROADTEX TRANSPORTATION MANAGEMENT CORP;<br><br>            Defendants. | CASE NO.  8:10CV3191 |

This matter is before the Court on the Statement of Objections ("SOJ") (Case No. 4:10-cv-3211, Filing No. 235; Case No. 4:10-cv-3212, Filing No. 237; Case No. 8:10-cv-3191, Filing No. 254) submitted by Igor Kozlov, Albatross Express, LLC ("Albatross"), and Andrei Tchikobava (collectively, the "Parties"). For the reasons stated below, the objections will be overruled.

These consolidated civil cases arise out of a motor-vehicle accident (the "Accident") involving a tractor trailer driven by Michael E. Scott, deceased, and a tractor trailer driven by Kozlov. On March 11, 2014 Magistrate Judge F.A. Gossett issued an Order (the "Order") (Case No. 4:10-cv-3211, Filing No. 221; Case No. 4:10-cv-3212, Filing No. 222; Case No. 8:10-cv-3191, Filing No. 240) denying Kozlov's Motion to Compel Discovery from Associated Wholesale Grocers, Inc. ("AWG"). In his Motion to Compel, Kozlov moved the Court to compel AWG to answer certain interrogatories, document production requests, and requests for admission ("RFA"). Kozlov sought information regarding Scott's previous accidents, Scott's treatment related to his previous accidents, and what AWG knew about Scott's medical condition prior to allowing him to return to work as a commercial driver. Kozlov has obtained Scott's medical records pertaining to an accident involving Scott that occurred in 1997.

Pursuant to 28 U.S.C. § 636 (b)(1)(A), a judge may designate a magistrate judge to hear and determine pretrial matters pending before the court. This Court may reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

In the SOJ, the Parties object to the Order on the following respects:

(1) The Parties object "to the ruling dealing with Motion to Compel, Case No. 4:10-cv-03211, filing no. 221, Case No. 4:10-cv-03211, filing 222, and Case No. 8:10-cv-03191, filing 240. Plaintiffs rely on additional statements from Dr. Brent Koprivica's deposition dated June 23, 2013, contained in the supplemental index attached." (SOJ at 2 ¶1.)

(2) The finding that Dr. Brent Koprivica[1] was not Scott's treating physician;

(3) The "background findings . . . where the court indicated that '[Scott] indicated that he had sustained a head injury about ten years earlier.'"[2] (*Id.* at 3 ¶ 3);

(4) The finding that the information related to AWG's receipt of particular medical reports during the compensation claim is not relevant to this litigation because "[w]hat AWG knew about [Scott's] medical condition in 1999 has no bearing on what AWG knew about [Scott's] condition when he was re-certified and returned to driving in 2006." (Order at 4);

(5) "The parties further object to the finding that the AWG objection to RFA #9 directed to AWG concerning TAS, M.D., on the basis that they seek medical opinion that is unqualified to give. The parties do not seek medical opinion from AWG, only that the opinion rendered by TAS, M.D. was

---

[1] Dr. Brent Koprivica examined Scott as a rehabilitation expert for purposes of a workers' compensation claim. (Case No. 4:10-cv-03211, Filing No. 223-2.) The Parties admit that Dr. Koprivica was not Scott's treating physician. (Filing No. 235 at 2 ¶ 2.)

[2] The Parties do not dispute this fact, but object because Scott allegedly failed to indicate further information, such as skull fractures and placement on Dilantin for life. (Filing No. 235 at 3 ¶3.)

3

> accurate, and that AWG was provided with a copy of it." (SOJ at 4 ¶ 5.); and

(6)   "The parties object to the court's order that information sought in interrogatories is irrelevant. Parties request the court to require AWG to specify which documents are privileged and provide the rest." (*Id.* at ¶ 6.)

With respect to (1) and (5), the Court is unable to discern the substance of the objections. Construing (1) as an overview of the objections, the Court will address each in turn.

Objections (2) and (3), regarding specific factual findings, are overruled. The factual findings are not clearly erroneous. The Parties admit that the factual findings are accurate. The Parties have failed to articulate an objection demonstrating that the factual findings were clearly erroneous or contrary to law.

With respect to (4) and (6), Judge Gossett applied the following standard in ruling on Kozlov's Motion:

> Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

(Order at 3.) The Court has reviewed the Order and concludes that the Parties have not demonstrated that Judge Gossett's findings with regard to relevance were clearly erroneous or contrary to law. Therefore, objections (4) and (6) also will be overruled.

4

## CONCLUSION

The Magistrate Judge's Order was not clearly erroneous or contrary to law, and the Parties' objections will be overruled.

Accordingly,

**IT IS ORDERED**, the Parties' Statement of Objections (Case No. 4:10-cv-03211, Filing No. 235; Case No. 4:10-cv-03212, Filing No. 237; Case No. 8:10-cv-03191, Filing No. 254) is overruled.

Dated this 18th day of April, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge