IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal | ) | |
| Representative of the Estate of Michael | ) | |
| E. Scott, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| IGOR KOZLOV, ALBATROSS | ) | |
| EXPRESS, LLC and UNICK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Motion for Protective Order filed by Associated Wholesale Grocers, Inc. ("AWG") and Pamela Scott ("Ms. Scott") (Case No. 4:10-cv-03211, filing 267); Case No. 4:10-cv-03212, filing 270; Case No. 8:10-cv-03191,

filing 286.)  For the reasons explained below, the motion will be granted, in part.

## BACKGROUND

These consolidated actions arise out of a motor-vehicle accident between a tractor trailer driven by Michael Scott ("Mr. Scott"), deceased, and a tractor trailer driven by Igor Kozlov ("Kozlov").  In his Complaint, Kozlov alleges that Mr. Scott acted negligently, thereby causing the accident which resulted in injuries to Kozlov.  AWG was Mr. Scott's employer at the time of the accident.

On June 17, 2014, Kozlov filed a Notice to Take Deposition of Dr. Bruce Williams and Subpoena Duces Tecum.  Dr. Williams was Mr. Scott's primary care physician.  The Notice requests that Dr. Williams produce the following documents:

> True, correct, and complete copies of all medical records of any kind, including, but not limited to, medical reports, consultation reports, doctors' notes, nurses' notes, correspondence, and documentary material of any kind, including but not limited to drug or alcohol records and health information related to psychological or psychiatric conditions, including psychotherapy notes, relating in any way to: Michael E. Scott.

(Case No. 4:10-cv-03211, filing 265.)  On June 17, 2014, Kozlov also filed a Notice to Take Videotaped Trial Deposition of P. Brent Koprivica, M.D.  (Case No. 4:10-cv-03211, filing 264.)  Dr. Koprivica had evaluated Mr. Scott in connection with a workers' compensation claim Mr. Scott filed following a motor vehicle accident which occurred in 1997.

AWG and Ms. Scott have moved for a protective order precluding Kozlov from deposing Dr. Williams and Dr. Koprivica.  With respect to Dr. Williams, AWG and Ms. Scott request, in the alternative, that the scope of the deposition be limited to specific health conditions of Mr. Scott and to a relevant time period.

**DISCUSSION**

I.   **Deposition of Dr. Williams**

AWG and Ms. Scott contend that the Notice pertaining to Dr. Williams is overly broad as it is not limited in time or scope. Kozlov maintains that discovery related to the injuries that Mr. Scott sustained in the 1997 motor vehicle accident is relevant to Kozlov's claim that Mr. Scott's negligence was the cause of the accident at issue. The Court previously found that information related to the 1997 accident is relevant and could lead to the discovery of admissible evidence. (Case No. 4:10-cv-03211, filing 183.) However, in a separate order relating to issues pertaining to the 1997 accident, the Court found that subpoenas containing identical language to that contained in the Notice involved here were overly broad. (Case No. 4:10-cv-03211, filing 201.) Consistent with this prior ruling, the Court concludes that the subject Notice is overly broad.

Kozlov, seemingly recognizing the Court's prior orders, has now consented to limiting the Notice as follows: (1) to the time of the 1997 accident until Mr. Scott's death on August 9, 2010; and (2) to treatment for injuries sustained or related to the 1997 incident, or any other condition that could impact Mr. Scott's ability to competently drive commercially, which includes any psychological or psychiatric conditions, or any issues relating to drug or alcohol dependence or abuse, and/or any issues concerning fatigue. The Court finds this proposed limitation reasonable.

In addition to arguing that the Notice is overly broad, AWG and Ms. Scott maintain that the information sought is protected by the physician-patient privilege. This privilege permits a patient, or his or her personal representative, to "refuse to disclose and to prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of his or her physical, mental, or emotional condition." Neb. Rev. Stat. § 27-504. There is no privilege under this rule, however, as to "communications relevant to an issue of the physical, mental, or emotional condition of the patient . . . after the patient's death, in any proceeding in which any party relies upon the condition as an element of his or her claim or defense." *Id*.

3

The Court is not convinced that the requested information is protected by the physician-patient privilege. Mr. Scott's medical condition appears relevant to the issues in this lawsuit. Specifically, Kozlov maintains that the evidence shows that Mr. Scott may have suffered from ongoing medical issues that compromised his ability to drive safely. Thus, Mr. Scott's medical condition is central to the claims and defenses of several parties.

Considering the above, the Court will limit the Notice as proposed by Kozlov. Specifically, it will be limited (1) to the time of the 1997 accident until Mr. Scott's death on August 9, 2010; and (2) to treatment for injuries sustained or related to the 1997 incident, or any other condition that could impact Mr. Scott's ability to competently drive commercially, which includes any psychological or psychiatric conditions, or any issues relating to drug or alcohol dependence or abuse, and/or any issues concerning fatigue.

## II.     Deposition of Dr. Koprivica

Following the 1997 accident, Mr. Scott pursued a workers' compensation claim and, during the course of his claim, was examined by Dr. Koprivica. Dr. Koprivica, who was not Mr. Scott's treating physician, issued a report on April 29, 1999, stating that Mr. Scott would remain on Dilantin indefinitely. Mr. Scott starting taking the seizure medication Dilantin following the 1997 accident. It is unknown when, or if, Mr. Scott stopped taking the medication.

AWG and Scott claim that any information that could be obtained from Dr. Koprivica is irrelevant because there is no evidence that connects the injuries suffered by Mr. Scott in the 1997 accident to the accident involved in this litigation. The Court has previously concluded that information pertaining to the 1997 accident is discoverable. In light of his knowledge pertaining to the 1997 accident, Dr. Koprivica may have information relevant to the issues involved in this case. Therefore, the Court will permit this deposition to go forward.

Accordingly,

**IT IS ORDERED** that the Motion for Protective Order filed by Associated Wholesale

Grocers, Inc. and Pamela Scott (Case No. 4:10-cv-03211, filing 267); Case No. 4:10-cv-03212, filing 270; Case No. 8:10-cv-03191, filing 286) is granted, in part, as set forth above.

**DATED July 7, 2014.**

                            **BY THE COURT:**

                            **S/ F.A. Gossett**
                            **United States Magistrate Judge**