# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased, | ) ) ) ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| IGOR KOZLOV, ALBATROSS EXPRESS, LLC and UNICK, LLC, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court upon two motions filed by Associated Wholesale Grocers, Inc. ("AWG") seeking protective orders. (Case No. 4:10-cv-03211, filing 269 & 271; Case No. 4:10-cv-03212, filing 272 & 274; Case No. 8:10-cv-03191, filing 288 & 290.) AWG requests that the Court preclude Andrei Tchikobava's ("Tchikobava") attorneys from questioning AWG's corporate representative about particular subject matters during a deposition. AWG also asks that the Court strike Tchikobava's document production requests. For the reasons explained below, AWG's motions will be granted, in part.

## BACKGROUND

These consolidated civil cases arise out of a motor-vehicle accident which occurred between a tractor trailer driven by Michael Scott ("Mr. Scott"), deceased, and a tractor trailer driven by Igor Kozlov ("Kozlov"). At the time of the accident, Mr. Scott was working for AWG. Andrei Tchikobava ("Tchikobava") was a passenger in the tractor driven by Kozlov. Tchikobava filed suit against Mr. Scott's Estate and AWG, alleging that Mr. Scott acted negligently, thereby causing the accident. (Case No. 4:10-cv-3212, filing 104.)

On June 25, 2014, Tchikobava issued a Notice of Deposition Duces Tecum to AWG, requesting a corporate representative deposition of AWG. (Case No. 4:12-cv-3212, filing 269.) AWG objects to several of the subject matters for the deposition, and also objects to the document requests attached to the Notice.[1] In particular, AWG objects to topics pertaining to Mr. Scott's physical condition or health. AWG also objects to questions regarding medical reports from Dr. Pro and Dr. Koprivica. As for the document requests, AWG complains that the requests are untimely as they were not made within 30 days of the deposition. AWG also argues that the requests seek

---

[1] Tchikobava has withdrawn a couple discovery requests to which AWG objected. Therefore, AWG's objections with respect to those discovery requests will not be addressed in this Order.

irrelevant information, particularly those requests seeking documents related to shipments delivered, or scheduled to be delivered, by Mr. Scott in the year before the accident.

## DISCUSSION

### 1. Deposition Subject Areas

#### A. Mr. Scott's Physical Condition & Health

With respect to anticipated areas of inquiry during the deposition, Paragraph 10 of the Notice states: "All knowledge and information concerning Scott's physical condition from the time of that [sic] he was injured in 1997, through his return to work in a diminished capacity as a non-truck driver, and up through his subsequent return to truck driving." (Case No. 4:12-cv-3212, filing 269.) AWG argues that this Paragraph is vague and overbroad because it is not limited to any specific physical issue, and is not limited to a physical condition which could affect Mr. Scott's ability to drive.

Similarly, AWG maintains that Paragraph 12 of the Notice is vague, ambiguous and overbroad. AWG also claims that the request violates the physician-patient privilege. Paragraph 12 states: "If there is a chief medical officer or similar person employed by or retained by AWG, produce that individual and all the medical information concerning Scott from January 1, 1997, through the date of his death in 2010." (Case No. 4:12-cv-3212, filing 269.) AWG complains that the request is not limited to any specific health issue and, even if the request was so limited, there is no evidence in this case that the accident was caused by any health issue on the part of Mr. Scott.

The Court previously determined that information related to the injuries Mr.

3

Scott received in the 1997 accident is relevant to this litigation. However, in connection with specific discovery requests relating to AWG's receipt of medical records during the pendency of Mr. Scott's workers' compensation claim, the Court concluded that what AWG knew about Mr. Scott's medical condition in 1999 is irrelevant because it is not indicative of what AWG knew about Mr. Scott's health in 2006 when he was examined by a physician and re-certified to drive.

It is difficult to anticipate the exact questions which will be posed regarding these matters. Therefore, at this time, the Court will permit limited questioning in these areas. If there are objections to specific questions posed during the deposition, the Court will address those particular inquiries following the deposition. The parties are advised to keep the Court's previous rulings in mind during the deposition.

### B. Medical Reports of Dr. Pro and Dr. Koprivica

Paragraph 11 of the Notice relates to medical reports prepared by Dr. Pro and Dr. Koprivica in connection with a workers' compensation claim filed by Mr. Scott in 1999. This Paragraph requests: "All knowledge and information concerning the medical reports from Dr. Pro and Dr. Koprivica as set forth in Exhibits 1 and 2, attached." (Case No. 4:12-cv-3212, filing 269.) AWG maintains that this request is vague, ambiguous and overbroad. AWG also believes that this request violates an order entered by this Court on March 11, 2014, regarding a motion to compel. The order states:

> The Court agrees with AWG that these RFAs, as written, could plausibly include information protected by the attorney-client privilege . . . In any event, it is unclear to the Court how information related to AWG's receipt of a particular medical report during the workers' compensation claim is relevant to the claims in this litigation. What AWG knew about Mr. Scott's medical condition in 1999 has no bearing on what AWG knew about Mr. Scott's condition when he was re-certified and returned to driving in 2006. Prior to his DOT re-certification in 2006, 2008, 2009

4

and 2010, Mr. Scott was examined by a physician, who declared Mr. Scott fit to return to driving.

(Case No. 4:10-cv-3212, filing 235.)

The Court agrees with AWG that information pertaining to AWG's knowledge of the medical reports issued in connection with the 1999 workers' compensation proceeding is irrelevant to the claims involved in this action.

### 2. Document Requests

AWG objects to all of the document requests attached to the Notice for the reason that the requests were not made within 30 days of the deposition. The Court rejects AWG's timeliness argument. The parties agreed that AWG's deposition would be taken on July 7, 2014. On June 18, 2014, AWG was provided an informal list of subject matters for the deposition and document requests. Therefore, AWG was aware as early as June 18, 2014, that documents were being requested in connection with the deposition. However, AWG did not raise any concerns with respect to the timeliness of the document requests until the formal Notice was filed on June 25, 2014.

AWG also specifically objects to Request 4, which asks for "[a]ll shipping documents, including without limitation bills of lading, freight bills, manifests, and any other additional shipping information and documents, used for the shipments delivered, or scheduled to be delivered, by AWG agent Scott, for the dates of the accident and day prior (August 8 and 9, 2010) and one year prior to the collision." (Case No. 4:12-cv-3212, filing 269.) AWG argues that the request is overbroad to the extent that it seeks shipping documents for the year before the accident. AWG also claims that the request is not reasonably calculated to lead to the discovery of admissible evidence.

The Court agrees that this request is overly broad. It is unclear how shipping documents extending back a year before the accident in question is relevant to the issues involved in this litigation. Therefore, the request is limited to such documents relating to shipments on August 8 and 9, 2010.

Additionally, AWG asserts that Request 7, which relates to Mr. Scott's workers' compensation claim, violates the attorney-client privilege and is not reasonably calculated to lead to the discovery of admissible evidence. The Request states: "All medical records, reports, and information in the possession of AWG, or its representatives, used to determine Scott's workers' compensation claim, and his fitness for subsequent employment." (Case No. 4:12-cv-3212, filing 269.) AWG also argues that the request violates the Court's March 11, 2014 order.

The Court finds that this request is overly broad and seeks irrelevant information. As previously explained, Mr. Scott was examined by a physician and re-certified to drive in 2006. What AWG knew about Mr. Scott's medical condition in 1999 has no bearing on what AWG knew about Mr. Scott's condition when he was re-certified and returned to driving.

Accordingly,

**IT IS ORDERED** that AWG's motions for protective orders (Case No. 4:10-cv-03211, filing 269 & 271; Case No. 4:10-cv-03212, filing 272 & 274; Case No. 8:10-cv-03191, filing 288 & 290) are granted, in part, and denied, in part, as set forth above.

**DATED July 22, 2014.**

                                                **BY THE COURT:**

                                                S/ F.A. Gossett
                                                **United States Magistrate Judge**