IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **IGOR KOZLOV,** | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ASSOCIATED WHOLESALE** | ) | |
| **GROCERS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **ANDREI TCHIKOBAVA,** | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| **ASSOCIATED WHOLESALE** | ) | |
| **GROCERS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **PAMELA SCOTT, Personal** | ) | |
| **Representative of the Estate of Michael** | ) | |
| **E. Scott, Deceased,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| **IGOR KOZLOV, ALBATROSS** | ) | |
| **EXPRESS, LLC and UNICK, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Motion for Protective Order filed by Associated Wholesale Grocers, Inc. ("AWG") (Case No. 4:10-cv-03211, filing 310); Case No. 4:10-cv-03212, filing 315; Case No. 8:10-cv-03191, filing 331.) AWG requests that the

Court preclude Andrei Tchikobava's ("Tchikobava") attorneys from questioning AWG's corporate representative about particular subject matters during a deposition. AWG also asks that the Court strike several of Tchikobava's document production requests.

## BACKGROUND

On June 30, 2014, AWG filed two motions for protective order pertaining to Tchikobava's notice of deposition seeking testimony from a corporate representative of AWG. The motions sought to limit the subject areas of the requested deposition and strike several of the associated document production requests.  Given the short amount of time between the filing of AWG's motions and the deposition scheduled for July 7, 2014, the Court was unable to rule on AWG's motions in advance of the deposition.  Nevertheless, the parties agreed to conduct the deposition as scheduled.  On July 7, 2014, AWG produced David Grisso ("Grisso") to testify on its behalf.

On July 22, 2014, the Court entered an order granting AWG's motions, but only in part. Consequently, AWG must again produce a corporate representative to testify with regard to the matters ordered by the Court.  On August 5, 2014, Tchikobava filed an amended notice of continued deposition, seeking testimony from Grisso and others as designated by AWG.  AWG has agreed to produce a representative for deposition on August 20, 2014, but objects to several of the subject matter areas outlined in the amended notice and also objects to producing documents requested in the amended notice.  Accordingly, AWG seeks a protective order with regard to those subject matter areas and document requests.

## DISCUSSION

AWG claims that Tchikobava is seeking a "second bite at the apple" to depose a corporate representative by including new subject matters in the amended notice.  AWG asserts that the only reason for the continued deposition is to allow Tchikobava's counsel to inquire into the areas which were at issue in the motions for protective order pending at the time of Grisso's deposition.  Additionally, AWG claims that, with the exception of one, Tchikobava's counsel has already inquired into all of the newly listed subject matters and that all the documents requested have previously been produced.

Tchikobava asserts, however, that AWG has not produced many of the requested documents. Therefore, according to Tchikobava, the continued deposition must be broad enough in scope to at least cover the documents not produced as required by the original notice of deposition and all reasonable areas of inquiry flowing from the information contained in those documents.

The resolution of this motion largely hinges upon whether all responsive documents have been produced. This being the case, the Court will order AWG to identify the documents it has produced which are responsive to the requests in the initial notice of deposition, the date the documents were produced, and to whom the documents were produced. Once AWG does so, Tchikobava may respond to AWG's representations. If all documents have not been provided, Tchikobava should, keeping in mind the previous limits imposed by the Court, be permitted to inquire into those documents and all reasonable areas of inquiry flowing therefrom.

Accordingly,

**IT IS ORDERED** that by or before August 28, 2014, AWG shall file an affidavit with the Court identifying the documents produced, the dates the documents were produced, and to whom they were produced. By September 5, 2014, Tchikobava shall respond to AWG's representations with respect to the document production. Alternatively, the parties may again confer in an effort to resolve this dispute without further Court involvement. If AWG does not file an affidavit by the date specified by the Court, its Motion for Protective Order will be deemed withdrawn.

**DATED August 18, 2014.**

                                          **BY THE COURT:**

                                          **S/ F.A. Gossett**
                                          **United States Magistrate Judge**