## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED WHOLESALE | ) | |
| GROCERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal | ) | |
| Representative of the Estate of Michael | ) | |
| E. Scott, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| IGOR KOZLOV, ALBATROSS | ) | |
| EXPRESS, LLC and UNICK, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Motion for Protective Order filed by Associated Wholesale Grocers, Inc. ("AWG") (Case No. 4:10-cv-03211, filing 310; Case No. 4:10-cv-03212, filing 315; Case No. 8:10-cv-03191, filing 331.) AWG requests that the

Court preclude Andrei Tchikobava's ("Tchikobava") attorneys from questioning AWG's corporate representative about particular subject matters during a deposition. AWG also asks that the Court strike several of Tchikobava's document production requests. AWG's motion will be denied.

## BACKGROUND

On June 30, 2014, AWG filed two motions for a protective order pertaining to Tchikobava's notice of deposition seeking testimony from a corporate representative of AWG. The motions sought to limit the subject areas of the requested deposition and to strike several of the associated document production requests. Although the Court was unable to rule on AWG's motions in advance of the deposition, the parties agreed to conduct the deposition as scheduled. On July 7, 2014, AWG produced David Grisso ("Grisso") to testify on its behalf.

On July 22, 2014, the Court entered an order granting AWG's motions, but only in part. Consequently, AWG must again produce a corporate representative to testify with regard to the matters ordered by the Court. On August 5, 2014, Tchikobava filed an amended notice of continued deposition, seeking testimony from Grisso and others as designated by AWG. AWG has agreed to produce a representative for deposition, but objects to several of the subject matter areas outlined in the amended notice and also objects to producing documents requested in the amended notice. AWG claims that Tchikobava is seeking a "second bite at the apple" to depose a corporate representative by including new subject matters in the amended notice. Additionally, AWG claims that, with the exception of one, Tchikobava's counsel has already inquired into all of the newly listed subject matters and that all the documents requested have previously been produced.

In opposition to AWG's request for a protective order, Tchikobava asserts that AWG has not produced many of the requested documents. Therefore, according to Tchikobava, the continued deposition must be broad enough in scope to at least cover the documents not produced as required by the original notice of deposition and all reasonable areas of inquiry flowing from the information contained in those documents.

Because resolution of AWG's present motion for protective order depends partly upon whether all requested documents have actually been produced, the Court entered an order on August 18, 2014, directing AWG to file an affidavit identifying the documents produced, the dates the documents were produced, and to whom they were produced. (Case No. 4:10-cv-03211, filing 347; Case No. 4:10-cv-03212, filing 351; Case No. 8:10-cv-03191, filing 367.) Pursuant to the Court's order, AWG filed the affidavit on August 28, 2014. (Case No. 4:10-cv-03211, filing 357; Case No. 4:10-cv-03212, filing 362; Case No. 8:10-cv-03191, filing 379.) In the affidavit, AWG represents that all documents requested in the original notice of deposition were previously produced to Tchikobava, or were offered to be made available before Grisso's deposition. AWG acknowledges, however, that many of the documents were produced to Tchikobava's former counsel, before Tchikobava's current counsel entered an appearance in this litigation. AWG also concedes that it did not bring copies of the documents requested in the original deposition notice to Grisso's deposition, nor did it notify Tchikobava's counsel that it would not be doing so. AWG asserts it did not bring the documents to the deposition because the documents had already been produced. Tchikobava's current counsel maintains, however, that a review of the files he obtained from Tchikobava's former counsel does not include the requested materials.

## DISCUSSION

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The moving party bears the burden to "show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (internal quotation and citation omitted). When evaluating the need for a protective order, courts must "include a consideration of the relative hardship to the non-moving party should the protective order be granted." *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In his initial response to AWG's motion for protective order, Tchikobava explained that the original notice of deposition was amended to add additional areas of inquiry because documents previously requested were not produced at, or prior to, Grisso's deposition. AWG concedes that it did not bring copies of the documents to the deposition, but contends it did not do so because the documents had already been produced. AWG further asserts that the additional documents requested in the amended notice have already been produced.

Because Grisso must be deposed again based on the Court's previous order in this case, the Court will permit Tchikobava's counsel to question Grisso regarding the subject matters outlined in the amended notice. Such questioning must, however, be conducted in accordance with the previous discovery orders entered in this case. According to AWG, Grisso has already been questioned about most of the areas contained in the amended notice anyway, so additional inquiry should not overly burden AWG. If Tchikobava's counsel does not possess certain documents responsive to the notices of deposition, he shall notify AWG and request additional copies of the missing materials in advance of the deposition. AWG is not required to bring previously-produced documents to the continued deposition.

Accordingly,

**IT IS ORDERED** that AWG's Motion for Protective Order (Case No. 4:10-cv-03211, filing 310; Case No. 4:10-cv-03212, filing 315; Case No. 8:10-cv-03191, filing 331) is denied.

**DATED September 11, 2014.**

                                            **BY THE COURT:**

                                            **S/ F.A. Gossett**
                                            **United States Magistrate Judge**