IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGOR KOZLOV, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03211 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ANDREI TCHIKOBAVA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10-cv-03212 |
| | ) | |
| vs. | ) | |
| | ) | |
| ASSOCIATED WHOLESALE GROCERS, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| PAMELA SCOTT, Personal Representative of the Estate of Michael E. Scott, Deceased, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | 8:10-cv-03191 |
| | ) | |
| vs. | ) | |
| | ) | |
| IGOR KOZLOV, ALBATROSS EXPRESS, LLC and UNICK, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Igor Kozlov's ("Kozlov") Motion to File Amended Complaint (Case No. 4:10-cv-3211, filing 365) and Albatross Express, LLC's ("Albatross") Motion to Amend Counterclaim (Case No. 8:10-cv-3191, filing 400). The motions will be denied.

**BACKGROUND**

These consolidated civil cases arise out of a motor-vehicle accident between a tractor trailer driven by Michael Scott ("Scott"), deceased, and a tractor trailer driven by Kozlov. Scott's tractor trailer was owned by Associated Wholesale Grocers ("AWG"). Kozlov's tractor trailer was owned by Albatross Express, LLC ("Albatross") and UNICK, LLC ("UNICK"). Andrei Tchikobava ("Tchikobava") was a passenger in the Kozlov tractor trailer.

Throughout the pendency of this action, numerous discovery disputes requiring Court intervention have arisen. These disputes have largely concerned discovery relating to a 1997 motor vehicle accident involving Scott, including Scott's treatment following that accident, and what AWG knew about Scott's medical condition before allowing him to return to work as a commercial truck driver.

On September 5, 2014, Kozlov moved to amend his Complaint to add three new claims: (1) a claim against Scott's estate for Scott's "[f]ailing to accurately give an honest medical history" to DOT medical examiners; (2) a claim against AWG for negligent hiring, training and supervision; and (3) a claim against AWG for negligence due to alleged violations of the Federal Motor Carrier Safety Regulations. (Case No. 4:10-cv-3211, filing 365.) Albatross filed a similar motion on September 10, 2014, seeking to amend its counterclaim to add additional claims against Scott's estate and AWG concerning Scott's medical condition, qualifications and ability to drive a commercial motor vehicle. (Case No. 8:10-cv-3191, filing 400.) In particular, Kozlov and Albatross claim that evidence has come to light that Scott did not disclose in his DOT examinations that he previously suffered a "severe traumatic brain injury," or discuss the fact that he had been placed on the drug Dilantin following the 1997 accident. Kozlov claims that Dr. L. John Larson, who performed one of Scott's DOT examinations, recently provided an affidavit stating that had be known Scott suffered skull fractures and had been given an accurate medical history, he would not have given Scott a DOT certificate.

The deadline for filing motions to amend pleadings has long passed. The pretrial conference is scheduled for October 20, 2014. Trial is set to commence on November 18, 2014.

## DISCUSSION

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). Moreover, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D.Fla.2000) (quotation omitted).

The motions to amend will be denied. On account of numerous discovery disputes that have arisen, the Court is intimately familiar with the history of discovery in this litigation, including when certain information was sought and why the information was sought. It is clear to the Court that the information upon which Kozlov and Albatross base their motions to amend has been known to counsel for quite some time. Simply put, Kozlov and Albatross have not been diligent in seeking to amend. The pretrial conference is scheduled for October 20, 2014, and trial is set to commence on November 18, 2014. To permit the requested amendments at this time would unfairly prejudice AWG and Scott's estate, as well as unduly delay the trial of cases that are approximately four years old.

Accordingly,

**IT IS ORDERED** that Kozlov's Motion to File Amended Complaint (Case No. 4:10-cv-3211, filing 365) and Albatross's Motion to Amend Counterclaim (Case No. 8:10-cv-3191, filing 400) are denied.

**DATED October 1, 2014.**

                                              **BY THE COURT:**

                                              S/ F.A. Gossett
                                              **United States Magistrate Judge**